UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW J.,

                Plaintiff,

       v.

ANDREW M. SAUL, Commissioner of
  Social Security,

               Defendant.
_____

**DECISION
and
ORDER**

**19-CV-1433F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                          Attorneys for Plaintiff
                          KENNETH R. HILLER, and
                          SAMANTHA J. VENTURA, of Counsel
                          6000 North Bailey Avenue
                          Suite 1A
                          Amherst, New York  14226

                          JAMES P. KENNEDY, JR.
                          UNITED STATES ATTORNEY
                          Attorney for Defendant
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York  14202
                                 and
                          DENNIS J. CANNING, and
                          JENNIFER E. WHELAN
                          Special Assistant United States Attorneys, of Counsel
                          Social Security Administration
                          Office of General Counsel
                          601 E. 12th Street, Room 965
                          Kansas City, Missouri  64106

## JURISDICTION

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 13).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on March 25, 2020 (Dkt. 9), and by Defendant on May 15, 2020 (Dkt. 11).

## **BACKGROUND**

Plaintiff Matthew J. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on October 14, 2015 and November 15, 2014, respectively, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on January 31, 2013, based on anxiety/depression, trouble breathing and sleeping, high blood pressure causing dizziness and shortness of breath, daily headaches, nausea, Raynaud's disease since 2010, and polycystic kidney disease causing sharp pains.  AR[1] at 195, 202, 222, 225. Plaintiff's applications initially were denied on January 30, 2015, AR at 73-100, and at Plaintiff's timely request, AR at 122-32, on June 16, 2017, a hearing was held via video conference in Buffalo, New York over which administrative law judge ("ALJ") John Murdock ("the ALJ"), presided from Falls Church, Virginia.  AR at 28-72 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Jeanne Murray, Esq., and vocational expert Carly Coughlin ("the VE").

On September 26, 2017, the ALJ denied Plaintiff's claims, AR at 7-27 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council, AR at 193-94.  On August 30, 2019, the Appeals Council denied

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed on December 31, 2019 (Dkt. 6).

2

Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby making the ALJ's decision the Commissioner's final determination on the claim.  On October 25, 2019, commenced the instant action seeking judicial review of the ALJ's decision.

On March 25, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On May 15, 2020, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"), attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 11-1) ("Defendant's Memorandum").  Filed on June 5, 2020 was Plaintiff's Response to Commissioner's Brief in Response and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

**FACTS**[2]

Plaintiff Matthew J. ("Plaintiff"), born March 3, 1985, was 29 years old when he initially applied for disability benefits on October 15, and November 15, 2014, and 32 years old as of September 29, 2017, the date of ALJ Jones's decision.  AR at 22, 195, 202, 222.  Plaintiff attended school through eighth grade, where he was in special education classes, dropped out of school in ninth grade, and has not obtained a GED nor completed any type of specialized job training or vocational school.  AR at 37-38,

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

226.  Plaintiff's work history includes as a food preparer/dishwasher, food packer and in maintenance as a grounds caretaker at a local cemetery.  AR at 44-45, 227, 241.

Plaintiff has a history of polysubstance abuse, including alcohol, opiates, and cocaine, for which Plaintiff has undergone court-ordered counseling and in-patient detoxification treatment.  AR at 398-409, 488-553, 801-08.  From January 3, 2013 to April 24, 2013, Plaintiff was incarcerated for violating probation imposed in connection with a DWI arrest. AR at 46, 225, 374, 831-917.  As of the June 16, 2017 administrative hearing, Plaintiff had not used alcohol for three years and ceased abusing drugs prior to that.  AR at 49.

Plaintiff lives with his mother and assists with childcare for his two children, including driving the older child to school.  AR at 274,  Plaintiff does not cook, but cleans, does laundry, and goes shopping.  *Id*. at 274-76.  Plaintiff can perform his personal care and grooming, manage his own money and transportation.  *Id*. at 276.  Plaintiff spends his days watching television.  *Id*.

On December 18, 2013, Plaintiff underwent a physical at Sedona Holistic Medical Center where Plaintiff established primary care with Ronald Santasiero, M.D. ("Dr. Santasiero").  AR at 339-87.  In connection with his disability benefits application, on January 8, 2015, Plaintiff underwent an internal medicine examination by Michael Rosenberg, M.D. ("Dr. Rosenberg"), AR at 269-72, and a psychiatric examination by Kristina Luna, Psy.D. ("Dr. Luna"), AR at 274-78).  Plaintiff also obtained neurology treatment for radiculopathy from neurovascular disease specialist Lorianne E. Avino, D.O. ("Dr. Avino), AR at 448-88, 745-72, and received treatment for his lumbar and cervical spine impairments at Invision Health from Tobias Mattel, M.D. ("Dr. Mattel), and

4

Daniel Salcedo, M.D. ("Dr. Salcedo").  AR at 653-59, 712-32.  It is undisputed that Plaintiff has Raynaud's disease (reduced blood flow, particularly to fingers and toes), was diagnosed as a child with polycystic kidney, has hypertension, and lumbar and cervical radiculopathy.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory

evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least 12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

    In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through December 31, 2017, AR at 13, Plaintiff has not engaged in SGA since January 31, 2013, his alleged disability onset date ("DOD"), *id.*, and has the severe impairments of Raynaud's disease and lumbar and cervical radiculopathy, *id.*, but that Plaintiff's history of polycystic kidney disease, chronic gastritis, gastroesophageal reflux disease ("GERD"), Barrett's esophagus without dysplasia (abnormal change in mucosal cells lining the lower portion of the esophagus), constipation, dyskinesia of the esophagus (esophageal spasms typically related to GERD), hypertension, anxiety, depression, and substance abuse do not cause more than a minimal limitation in Plaintiff's ability to perform basic physical and mental work activities and, thus, are non-

7

severe, AR at 13-15, and Plaintiff does not have an impairment or combination of impairments meeting or medically equal in severity to a listed impairment.  AR at 15.  The ALJ further found that despite Plaintiff's impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can never kneel or climb ladders, ropes and scaffolds, can occasionally engage in other climbing, cannot lift above chest height, cannot tolerate exposure to extreme cold, vibration, machinery or heights, and, secondary to Plaintiff's non-severe anxiety, depression, and history of substance abuse, is limited to simple, repetitive tasks.  AR at 15-20.  Plaintiff was unable to perform any PRW but, given Plaintiff's age, limited education, ability to communicate in English, and work experience for which the transferability of skills is not relevant, is able to perform jobs existing in the national economy including as a mail sorter, final assembler, printed circuit board screener, small parts assembler, food and beverage order clerk, and sewing machine operator.  AR at 20-22.  As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision.

In support of his motion, Plaintiff argues that in determining Plaintiff's RFC, the ALJ improperly relied on the opinion of Dr. Rosenberg, Plaintiff's Memorandum at 11-13, and also improperly relied on his own lay opinion in formulating Plaintiff's RFC.  *Id*. at 14-17.  In opposition, Defendant argues the ALJ did not improperly rely on Dr. Rosenberg's opinion in determining Plaintiff's RFC, Defendant's Memorandum at 14-19, denies the ALJ relied on his own opinion in determining Plaintiff's RFC, *id*. at 19-24, and asserts the Plaintiff's RFC as determined by the ALJ is supported by substantial evidence in the record.  *Id*. at 24-25.  In reply, Plaintiff reasserts his arguments that the

ALJ improperly relied on Dr. Rosenberg's opinion, Plaintiff's Reply at 1-3, and primarily relied on his own lay opinion. *Id*. at 3-5. There is no merit to Plaintiff's arguments.

Preliminarily, because Plaintiff limits his arguments to the ALJ's consideration of his spinal impairments in formulating Plaintiff's RFC, the court does not review the ALJ's determination that Plaintiff's polycystic kidney disease, hypertension, headaches, chronic gastritis, GERD, Barrett's esophagus without dysplasia, constipation, dyskinesia of the esophagus, and mental impairments did not pose more than a minimal limitation to Plaintiff's ability to perform basic work activities and are thus, by definition, non-severe.

With regard to Plaintiff's argument that in determining Plaintiff's RFC, the ALJ improperly relied on Dr. Rosenberg's opinion, Dr. Rosenberg examined Plaintiff on a consultative basis on January 8, 2015, and reported Plaintiff's chief complaint was "a history of polycystic kidney disease diagnosed at age 8 and hypertension diagnosed one year ago [at age 28]." AR at 269 (brackets added). Dr. Rosenberg reported Plaintiff claimed a "history of low back pain that radiates to both buttocks, as well as nonradiating neck pain." *Id*. Plaintiff had also been diagnosed with Raynaud's disease, AR at 269, with Dr. Rosenberg observing cyanosis (bluish discoloration attributed to low oxygen saturation) of all fingers of both hands and all toes. AR at 272. Plaintiff also had clubbing of the third finger of both hands, and "[t]he distal aspects of his hands including all fingers and all toes are cold to the touch." *Id*. Dr. Rosenberg diagnosed Plaintiff with hypertension, polycystic kidney disease, depression, low back pain, minimal, neck pain, by Plaintiff's medical history only, Raynaud's disease, and shortness of breath by such history, *id*., stating in his medical source statement that

9

Plaintiff "should avoid any activities that entail exposure to the cold secondary to his history of Raynaud's disease involving all fingers and toes. *Id*. In granting Dr. Rosenberg's opinion "great weight," the ALJ found the medical source statement was "consistent with [Plaintiff's] allegations and presentation upon exam" because Plaintiff "exhibited blue or purple coloration in all of his fingers and toes; they were also cold to the touch." *Id*.

     Plaintiff maintains that by the time the ALJ's decision was issued on September 29, 2017, Dr. Rosenberg's opinion, rendered January 8, 2015, was stale, which is underscored by the fact that subsequent to Dr. Rosenberg's opinion, Plaintiff's back and neck pain significantly worsened and Plaintiff underwent diagnostic imaging tests, including MRI of the cervical spine on August 17, 2015, showing mild neural foraminal stenosis at C3-C4, AR at 412, and lumbar spine MRI on November 16, 2015, showing mild disc desiccation (loss of vertebral disc fluid) with minimal right lateral disc bulge at L4-L5 level, minimal facet degeneration at L3-L4 and L4-L5 levels, and no spinal stenosis or neural foraminal narrowing, AR at 463-64, 713. According to Plaintiff, because these MRIs did not exist when Dr. Rosenberg issued his consultative opinion, Dr. Rosenberg was not able to consider the spine impairments revealed by the MRIs such that Dr. Rosenberg's opinion is not based on complete evidence. Plaintiff's Memorandum at 11-13; Plaintiff's Reply at 1-3. However, as Defendant argues, Defendant's Memorandum at 15-19, the ALJ relied on Dr. Rosenberg's opinion only to support the RFC with regard to Plaintiff's Raynaud's disease, which was relevant to Plaintiff's physical condition when it was rendered on January 8, 2015, and not with regard to Plaintiff's spine impairments. Accordingly, that Dr. Rosenberg's opinion was

rendered prior to the MRIs of Plaintiff's lumbar and cervical spines does not render the opinion stale with regard to Plaintiff's Raynaud's disease to which the opinion is limited. As such, there is no merit to Plaintiff's argument that the ALJ improperly relied on Dr. Rosenberg's stale opinion as alleged by Plaintiff.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 14-17; Plaintiff's Reply at 3-5, that in determining Plaintiff's RFC, the ALJ did not rely on any medical opinion but, rather, relied on his own lay opinion such that the RFC is not supported by substantial evidence. Rather, a plain review of the ALJ's decision establishes the ALJ considered not only Dr. Rosenberg's opinion, but also "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" as required by the relevant regulations, 20 C.F.R. §§ 404.1529 and 416.929. AR at 15. *See Cichocki v. Astrue*, 729 F.3d 172, 178 and n. 3 (2d Cir. 2013) (considering ALJ's statement that he considered all of the claimant's "medically determinable impairments" in undertaking the sequential evaluation process, applied the proper legal standard, and was supported by substantial evidence because an ALJ need not recite every piece of evidence that contributed to the decision, so long as the record "permits us to glean the rationale of an ALJ's decision") (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). Further, a function-by-function assessment by an acceptable medical source is not required where "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity." *Tankisi v. Commissioner of Social Security*, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (citing cases).

Insofar as Plaintiff maintains the severity of his impairments precludes the ALJ from making a "common sense judgment" of Plaintiff's RFC based on lay interpretations of bare medical findings, Plaintiff's Memorandum at 14-17, Plaintiff's Reply at 3-5, a thorough review of the record establishes the ALJ did not do so here; rather, the ALJ relied not on "bare medical findings," but on the interpretations of such findings by Plaintiff's physicians.  *See*, *e.g.*, AR at 18 (ALJ referencing AR at 463-64, Dr. Avino's medical records including Plaintiff's November 16, 2015 lumbar MRI showing minimal degenerative changes).  Further, the diagnostic medical records show only relatively minor physical impairments upon which an ALJ is permitted to render a common-sense finding regarding the impact of such impairments on a claimant's physical RFC.  *See Keller v. Comm'r of Soc. Sec.*, 394 F.Supp.3d 345, 352 (W.D.N.Y. 2019) (citing cases).  In particular, here, the ALJ considered that a November 16, 2015 lumbar spine MRI showed "mild disc desiccation with minimal disc bulge and minimal facet degeneration in the lumbar spine," AR at 18 (citing AR at 463-64), November 22, 2016 cervical imaging showing no acute osseous (bony) abnormality and no evidence of significant subluxation, *id*. (citing AR at 758), April 4, 2017 X-rays of Plaintiff's left shoulder, right femur, and right hip were normal, *id*. (citing AR at 783-85), and an April 7, 2017 MRI of Plaintiff's left shoulder was normal, *id*. (citing AR at 789-90).  The ALJ also considered that Plaintiff's physical examinations showed only mild symptoms and negative straight-leg raising tests bilaterally, *see*, *e.g.*, AR at 18 (citing AR at 714), and that Plaintiff's lumbar and cervical spine impairments were conservatively treated, with Plaintiff's treating physicians reporting Plaintiff had relief from steroid injections and opining Plaintiff was not a candidate for surgery.  AR at 18 (citing AR at 479).

Accordingly, substantial evidence in the records supports that Plaintiff's spine impairments were relatively mild such that the ALJ was not required to obtain a function-by-function assessment of the effects of such impairments on Plaintiff's ability to perform work-related activities.  The ALJ's RFC determination is thus supported by substantial evidence in the record.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	March 16th, 2021
		Buffalo, New York